# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE-NICHOL SZARELL, | ) | CASE NO. 5:18-cv-2975 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| SUMMIT COUNTY COURT OF | ) | |
| COMMON PLEAS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Dannielle Nichol Szarell ("Szarell") brings this action against the Summit County Court of Common Pleas, ADM, Community Support Services, Northcoast Behavioral Health Institution, and the Summit County Jail. (Doc. No. 1 ["Compl."].) Szarell moves to proceed with this action *in forma pauperis* (Doc. No. 2), and that motion is granted.

For the reasons that follow, this case is dismissed.

## I. Background

The content of Szarell's complaint is sparse and difficult to discern. The statement of her claim consists entirely of a list of federal and Ohio statutes. (Compl. at 5.[1]) She alleges no facts concerning the conduct of each defendant relative to the listed federal and state statutes. For relief, she seeks restitution by compensation for medical costs, out-of-pocket expenses, lost wages, pain and suffering, jail bond, and false imprisonment. (*Id*. at 6.)

---

[1] All page number references are to the page identification numbers generated by the Court's electronic filing system.

In addition to the complaint, Szarell filed a "memorandum" regarding a criminal case in the Summit County Court of Common Pleas, Case No. CR-2011-04-1079 (*State of Ohio v. Danielle Nicole Smith*) ("Criminal Case") and Ninth District Court of Appeals Case No. 28102, *State v. Danielle Nichol Smith*, C.A. No. 28123, 2017 WL 1450519 (Ohio Ct. App. Apr. 19, 2017) (collectively, "Ohio court proceedings"). (Doc. No. 3 ["Mem."].) In the memorandum, Szarell asserts challenges to the Criminal Case, including "Bogus/Fabricated charges" and failure to receive Miranda rights when arrested by the Stow Police Department, so Szarell "was oblivious I was being arrested." (*Id*. at 28, 30.)

Szarell then filed a supplemental memorandum (Doc. No. 4 ["Supp. Mem."].) In the supplemental memorandum, Szarell alleges that the Summit County Court of Common Pleas has abused its power and is "liable to be dissolved," and designates Dustin David Szarell to receive property taken from Szarell by that court. (*Id*. at 34–36.)

Most recently, Szarell filed a document containing multiple captions as follows: "Writ of Motion to Dismiss, Quo Warranto, Notice of Demand, Writ of Habeas Corpus." (Doc. No. 5 ["Writ"].)[2] In the writ, Szarell states that "[t]his writ is issued by common right pursuant to God's law (Common Law) as applicable to this case, against Children Services … attempting to deny custody, by collusion … to [Danielle-Nichol Szarell] and [Dustin-David Szarell] without just cause or either in good faith. (*Id*. at 4 (emphasis removed).)

---

[2] The Court collectively refers to the complaint, memorandum, supplemental memorandum, and writ as "pleadings."

## II. Discussion

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677–78. Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk,* 99 F.3d at 197).

**B. Analysis**

*The Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332*

Federal courts have subject-matter jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, and over cases where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, and the party invoking jurisdiction bears the burden of establishing the Court's authority to hear a case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

Szarell identifies diversity of citizenship pursuant to 28 U.S.C. § 1332 as the basis for subject matter jurisdiction. (Compl. at 4.) But she does not allege facts in the pleadings concerning the citizenship of each party or the amount in controversy. Nor does she articulate any facts from which the Court could infer diversity jurisdiction pursuant to § 1332. In the absence of subject matter jurisdiction, the Court lacks authority over this matter and this case is dismissed. *Carlock v. Williams*, 182 F.3d 916 (Table) (6th Cir. 1999) (when the face of the complaint provides no basis for federal jurisdiction, the action may be dismissed as frivolous and for lack of subject matter jurisdiction) (citing *Michigan Sav. & Loan League v. Francis*, 683 F.2d 957, 960 (6th Cir. 1982)).

*Szarell fails to state a plausible claim for relief*

Even if the Court construed Szarell's citation to various federal statutes as the basis for a federal question pursuant to 42 U.S.C. § 1983 under § 1331, the pleadings do not satisfy federal notice pleading requirements because they do not provide defendants with fair notice of the

claims against them and the grounds upon which those claims rest. *Twombly*, 550 U.S at 555. Merely listing defendants in the caption of the complaint, but raising no specific factual allegations against each defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)). Even liberally construing the pleadings, Szarell, at best, asserts conclusory defendants-unlawfully-harmed-me allegations which are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

This case is subject to dismissal pursuant to § 1915(e)(2) for this additional reason.

### *The Court may not interfere with Ohio court proceedings*

Even if this action were not subject to dismissal for the above-stated reasons, the Court would nevertheless dismiss this action.

The pleadings are unclear as to the status of the Ohio court proceedings. But to the extent that Szarell asks this Court to intervene, the Court may not do so. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances not present here. *See Younger v. Harris*, 401 U.S. 37, 44–45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal questions. Criminal proceedings implicate important state interests. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (a criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere) (citing *Younger,* 401 U.S. at 43–45). With respect to the third factor, it is Szarell's

5

burden to demonstrate that she is barred from presenting any federal claim that she may have in the state court proceedings, and she does not allege that those proceedings did not or could not provide her with an opportunity to do so. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14–15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). Therefore, to the extent that the Ohio court proceedings remain pending, the second and third factors of the *Younger* abstention analysis are satisfied, and the Court abstains from interfering with those pending proceedings.

To the extent that Szarell claims that she was unlawfully charged and detained in the Criminal Case, *habeas corpus* is the exclusive remedy to challenge the fact or duration of her conviction and/or confinement. *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)). A state prisoner does not state a cognizable claim under § 1983 unless and until her conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Szarell does not allege or infer in the pleadings that the Criminal Case has been resolved in her favor or invalidated in any of the ways articulated in *Heck*.

Lastly, to the extent the pleadings constitute an appeal of any state court proceeding, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). "Where federal

relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296–97 (8th Cir. 1990) (quoting *Pennzoil*, 481 U.S. at 25)), *amended on other grounds* 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415–16. The Court lacks jurisdiction to entertain such an appeal.

### III. Conclusion

For all the foregoing reasons, this action is dismissed. Szarell's motion to proceed in forma pauperis is granted (Doc. No. 2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: August 21, 2019

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**